**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3970
_____

BAOJIN LIU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-782-488)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2013

Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  March 8, 2013)
_____

OPINION
_____

PER CURIAM

　　Baojin Liu, a native and citizen of China, petitions for review of an order of the

Board of Immigration Appeals ("BIA") denying a motion to reopen.  For the reasons that

follow, we will deny the petition for review.

Liu entered the United States in 2007 without inspection. He appeared before an Immigration Judge ("IJ") in 2008 and conceded removability, but sought asylum and related relief on the ground that he fled China due to its family planning policy. The IJ denied Liu's applications. ( A.R. at 206.) The BIA affirmed the IJ's decision and dismissed Liu's appeal on September 16, 2009. (Id. at 171-74.)

Over two years later, Liu moved to reopen his removal proceedings based on his practice of Falun Gong and changed country conditions. (Id. at 16.) He claimed that he started practicing Falun Gong in January 2011, and learned that Falun Gong practitioners were "persecuted by the Chinese government." (Id. at 21.) According to Liu, someone took his picture while he was participating in parades supporting Falun Gong, and those pictures were provided to the Chinese government. (Id. 21-23.) The "village cadres" then visited Liu's wife in China and told her that he would be "severely punished" by the Chinese government due to his Falun Gong activities. (Id. at 23.) In support of his motion to reopen, Liu submitted documentary evidence, including pictures, a notice from the "Village Committee" in China, and an affidavit from his wife. (Id. at 67-97.)

The BIA denied the motion to reopen, reasoning that Liu's documentary evidence was not properly authenticated or supported by any persuasive evidence, and was of "essentially unknown reliability." (Id. at 8.) The BIA further reasoned that the State Department's report on China does not indicate that Chinese citizens who practice or

support Falun Gong suffer mistreatment amounting to persecution in China. (Id. at 9.) The BIA concluded that Liu's motion was filed well outside of the ninety days provided by 8 U.S.C. § 1229a(c)(7)(C)(i), and that he did not prove by sufficient evidence that there was a change in circumstances or country conditions arising in China so as to create an exception to that time limit, see 8 U.S.C. § 1229a(c)(7)(C)(ii). (Id.) Liu now seeks review of the BIA's decision denying his motion to reopen.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the BIA's denial of Liu's motion to reopen, and we apply the abuse of discretion standard to our review. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). The BIA's decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks and citation omitted), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted).

With limited exceptions, a motion to reopen must be filed within ninety days of the date of entry of a final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that Liu's motion to reopen was filed over two years after the BIA's final administrative order dismissing his appeal. Therefore, to circumvent that time limit, Liu had to provide material evidence of changed conditions in China that could not have been discovered or presented during the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii).

Liu argues that the BIA abused its discretion in denying his motion to reopen

3

because he provided "sufficiently reliable evidence" to support it. (Pet'r. Br. at 11.) However, we agree with the BIA that the unauthenticated documentary evidence Liu submitted was of dubious value. Further, the BIA's conclusion, based on the State Department's report, that practitioners of Falun Gong do not suffer mistreatment amounting to persecution in China, was well-founded. There was no material change in China's treatment of Falun Gong practitioners after Liu's 2008 hearing. The only change in circumstance Liu could demonstrate was personal, given that his participation in Falun Gong began in 2011. That does not suffice to excuse the time limitation on his motion to reopen. Liu v. Att'y Gen., 555 F.3d 145, 149-51 (3d Cir. 2009). Because Liu did not meet the standard set forth in § 1229a(c)(7)(C)(ii), the BIA did not abuse its discretion in denying his motion to reopen as untimely.

III.

Because the denial of Liu's motion to reopen was not an abuse of discretion, see Fadiga, 488 F.3d at 153, we will deny his petition for review.[1]

---

[1] We need not reach the Respondent's alternative argument that Liu failed to set forth a prima facie relief or protection claim. (Resp't Br. at 14.)